UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **Leo McClam**, #3147, | ) C/A No. **3:07-3827-TLW-JRM** |
| Plaintiff, | ) |
| v. | ) **REPORT** |
| | ) **AND** |
| | ) **RECOMMENDATION** |
| Joe Waldo, | ) |
| Defendants. | ) |

Leo McClam (Plaintiff) files this action *pro se* and seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. All pretrial matters in cases with a *pro se* party or an application to proceed *in forma pauperis* are authorized for review by an assigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(b) and (e), D.S.C., for submission of findings and recommendations to the District Court.

## *PRO SE* REVIEW

Plaintiff is a *pro se* litigant whose pleadings are accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Loe v. Armistead*, 582 F. 2d 1291 (4th cir. 1978); *Gordon v. Leeke*, 574 F. 2d 1147 (4th Cir. 1978). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes v. Rowe*, 449 U.S. 5 (1980). However, even under this less stringent standard, a *pro se* complaint it subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F. 2d 387 (4th Cir. 1990).

## BACKGROUND

Plaintiff is a patient of the South Carolina Department of Mental Health involuntarily committed to treatment as a Sexually Violent Predator. Plaintiff has a history of cases filed in this Court. The first case was filed in October 2000. *See McClam v. Cavanaugh*, No. 3:00-03354-TLW (D.S.C. 2000) (hereafter "**McClam One**"). Plaintiff subsequently filed several actions in this Court beginning in March 2005. *See McClam v. Young-Rice*, No. 3:05-00861-GRA-JRM (D.S.C. 2005) (hereafter "**McClam Two**"); *McClam v. Chavez*, No. 3:05-01795-TLW (D.S.C. 2005) (hereafter "**McClam Three**"); *McClam v. Young-Rice*, No. 3:05-02242-TLW (D.S.C. 2005) (hereafter "**McClam Four**"); *McClam v. Armor*, No. 3:05-03499-TLW (D.S.C. 2005) (hereafter "**McClam Five**"); *McClam v. Chavez*, No. 3:06-00426-TLW (D.S.C. 2006) (hereafter "**McClam Six**").

In February 2006, Plaintiff joined in a multiple plaintiff case, *Maness v. Ozmint*, No. 3:06-00382-HMH (D.S.C. 2006), which resulted in a separate case, *McClam v. Ozmint*, No. 3:06-00701-HMH (D.S.C. 2006) (hereafter "**McClam Seven**"). Since January 2007, Plaintiff has filed seventeen cases in this Court, including the current case. *See McClam v. Almey*, No. 3:07-00020-TLW (D.S.C. 2007) (hereafter "**McClam Eight**"); *McClam v. Wadman*, No. 3:07-01430-TLW (D.S.C. 2007) (hereafter "**McClam Nine**"); *McClam v. Gant*, No. 3:07-01431-TLW-JRM (D.S.C. 2007) (hereafter "**McClam Ten**"); *McClam v. Quaillin*, No. 3:07-01529-TLW (D.S.C. 2007) (hereafter "**McClam Eleven**"); *McClam v. Bailey*, No. 3:07-01530-TLW-JRM (D.S.C. 2007) (hereafter "**McClam Twelve**"); *McClam v.Craft*, No. 3:07-01532-TLW-JRM (D.S.C. 2007) (hereafter "**McClam Thirteen**"); *McClam v. Wadman*, No. 3:07-03050-TLW-JRM (D.S.C. 2007) (hereafter "**McClam Fourteen**"); *McClam v. McDonald*, No. 3:07-03139-TLW-JRM (D.S.C. 2007) (hereafter "**McClam Fifteen**"); *McClam v. Saxon*, No. 3:07-03175-TLW-JRM (D.S.C. 2007) (hereafter "**McClam Sixteen**"); *McClam v. Webber*, No. 3:07-03176-TLW-JRM (D.S.C. 2007)

(hereafter "*McClam Seventeen*"); *McClam v. Wetstone*, No. 3:07-03341-TLW (D.S.C. 2007) (hereafter "*McClam Eighteen*"); *McClam v. Donald*, No. 3:07-03490-TLW (D.S.C. 2007 (hereafter "*McClam Nineteen*"); *McClam v. Wetstone*, No. 3:07-03491-TLW (D.S.C. 2007) (hereafter "*McClam Twenty*"); *McClam v. Boney*, No. 3:07-03492-TLW (D.S.C. 2007) (hereafter "*McClam Twenty-One*"); *McClam v. Sims*, No. 3:07-03633-TLW (D.S.C. 2007) (hereafter "*McClam Twenty-Two*"); *McClam v. Favor*, No. 3:07-03749-TLW-JRM (D.S.C. 2007) (hereafter "*McClam Twenty-Three*"). This Court may take judicial notice of its own records in these prior cases. *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Daye v. Bounds*, 509 F. 2d 66 (4th Cir. 1975); *Mann v. Peoples First Nat'l Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954).

It appears that Plaintiff files a federal civil action every time some official or employee of the mental health facility where he is confined takes action with which Plaintiff disagrees, regardless of whether a federal right is implicated in the alleged wrongdoing. A summary of the many cases filed by Plaintiff and of their status follows.

In *McClam One*, the complaint alleged that the defendants took funds from Plaintiff's inmate trust account without his consent or a court order. The Plaintiff requested to proceed without prepayment of fees, also known as *in forma pauperis* (hereafter IFP), which was allowed by the Court. The parties reached a settlement, and the Plaintiff filed a motion to dismiss the case with prejudice. On February 13, 2000, the Honorable Terry L. Wooten, United States District Judge for the District of South Carolina, dismissed *McClam One* with prejudice.

Plaintiff filed *McClam Two* in March 2005, in which he claimed that the defendants were indifferent to his safety based on threats from a fellow resident. Plaintiff failed to provide a filing fee or request to proceed without prepayment of the fee, so he was ordered to provide the required

financial information. Plaintiff failed to respond to the Order. His case was involuntarily dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure. On May 16, 2005, the Honorable G. Ross Anderson, United States District Judge for the District of South Carolina, dismissed *McClam Two* without prejudice.

In *McClam Three*, the complaint alleged that the defendant was indifferent to Plaintiff's serious medical needs based on a rash. The Plaintiff filed an application to proceed IFP, which was granted. The case was served, and the defendant filed a motion for summary judgement. On June 8, 2006, the Honorable Terry L. Wooten, United States District Judge for the District of South Carolina, granted the defendant's motion for summary judgement, dismissing *McClam Three*.

Plaintiff filed *McClam Four* in August 2005, in which he again made a claim of failure to protect from harm based on a threat from a fellow resident. The Plaintiff filed an application to proceed IFP, which was granted. The case was not directed to be served, but was recommended for summary dismissal for failure to state a claim or request relief. On September 26, 2005, the Honorable Terry L. Wooten, United States District Judge for the District of South Carolina, dismissed *McClam Four* with prejudice.

In *McClam Five*, the complaint alleged harassment and a physical assault by the defendant, who was possibly an employee of the facility at which the plaintiff is committed. The Plaintiff filed an application to proceed IFP, which was granted. The case was directed to be served, but the defendant could not be located. The case was recommended for dismissal based on lack of service pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. A Report and Recommendation for summary dismissal was forwarded to the Honorable Terry L. Wooten, United States District Judge for the District of South Carolina.

Plaintiff filed *McClam Six* two months later in February 2006. The complaint claimed "retaliation" against Plaintiff for filing *McClam Three* concerning civil rights violations and requested an investigation and criminal charges be brought against the defendant as relief. The Plaintiff failed to provide necessary financial information or service papers as directed by Order of the Court. The case was recommended for summary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to comply with an order of the Court and failure to prosecute the case. On May 12, 2006, the Honorable Terry L. Wooten, United States District Judge for the District of South Carolina, dismissed *McClam Six* without prejudice.

Also in February of 2006, Plaintiff joined in a multiple plaintiff case, *Maness v. Ozmint*, 3:06-382-HMH (D.S.C. 2006), which resulted in a separate case, *McClam Seven*. The Plaintiff failed to provide necessary financial information or service papers as directed by Order of the Court. The case was recommended for summary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to comply with an Order of the Court and failure to prosecute the case. On May 25, 2006, the Honorable Henry M. Herlong, Jr., United States District Judge for the District of South Carolina, dismissed *McClam Seven* without prejudice.

On January 4, 2007, Plaintiff filed *McClam Eight*, which claimed that the defendants were giving Plaintiff incorrect medication in an attempt to kill him. The Plaintiff failed to provide necessary financial information or service papers as directed by Order of the Court. The case was recommended for summary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to comply with an order of the Court and failure to prosecute the case. A Report and Recommendation for summary dismissal was forwarded to the Honorable Terry L. Wooten, United States District Judge for the District of South Carolina.

In *McClam Nine*, the complaint alleged that the defendants were indifferent to Plaintiff's medical needs based on a "stomach problem" caused by medication Plaintiff was forced to take. The Plaintiff filed an application to proceed IFP, which was granted. The case was served, and the defendants filed an answer. Plaintiff then filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure Rule 41 "with stipulation." The defendants did not respond, and the case was recommended for dismissal without prejudice. A Report and Recommendation for summary dismissal was forwarded to the Honorable Terry L. Wooten, United States District Judge for the District of South Carolina.

Similarly, *McClam Ten*, which alleged unsanitary conditions, was voluntarily dismissed after service. The Plaintiff filed an application to proceed IFP, which was granted. On July 2, 2007, the Court issued an Order directing that the case be served. On July 27, 2007, Plaintiff filed a Motion to Dismiss without prejudice based on Rule 41, and on August 9, 2007, the defendants filed an answer. *McClam Ten* was dismissed based upon Plaintiff's voluntary dismissal pursuant to Rule 41, which allows for an action to be "dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs." Fed. R. Civ. P. 41(a)(1).

On June 4, 2007, Plaintiff filed three complaints, each of which was dismissed or recommended for dismissal pursuant to Rule 41. In *McClam Eleven*, the complaint alleged harassment, failure to provide "hygiene items," and forced medication. The Plaintiff filed an application to proceed IFP, which was granted. The Plaintiff failed to provide necessary service papers as directed by Order of the Court, so the case was recommended for summary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure for failure to comply with an order of

6

the Court and failure to prosecute his case. A Report and Recommendation for summary dismissal was forwarded to the Honorable Terry L. Wooten, United States District Judge for the District of South Carolina.

In *McClam Twelve*, the complaint alleged that the defendant repeatedly threatened to harm Plaintiff. The Plaintiff filed an application to proceed IFP, which was granted. The case was served, and the defendants filed an answer. On October 11, 2007, a Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure Rule 41(a)(1)(B), signed by both parties, was filed. *McClam Twelve* was dismissed based upon the agreement of the parties to a voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure.

In *McClam Thirteen*, the complaint alleged that the defendants illegally searched Plaintiff's room and destroyed federal property. The Plaintiff filed an application to proceed IFP, which was granted. On June 18, 2007, the Court issued an Order directing that the case be served. On July 27, 2007, Plaintiff filed a Motion to Dismiss without prejudice based on Rule 41, and on August 9, 2007, the defendants filed an answer. *McClam Thirteen* was dismissed based upon Plaintiff's voluntary dismissal pursuant to Rule 41(a)(1) of the Federal Rules of Civil Procedure, similar to *McClam Ten*.         In September 2007, the Plaintiff filed four more cases. In *McClam Fourteen* the complaint alleged that the defendants were indifferent to Plaintiff's medical need based on a "stomach problem" caused by medication Plaintiff was forced to take, similar to *McClam Nine*. The complaint also alleged that the medication was administered in retaliation for filing complaints and "witness death of fellow inmate." The plaintiff filed an application to proceed IFP, which is pending. On September 14, 2007, and November 1, 2007, Plaintiff was given an opportunity to provide

7

necessary information and service papers to bring his case into proper form, and the case is currently pending.

In *McClam Fifteen*, the complaint alleged that the defendant made sexual advances towards the Plaintiff. The Plaintiff filed an application to proceed IFP, which was granted. On October 11, 2007, the Court issued an Order directing the case be served by the U. S. Marshal, and the case is currently pending.

On September 19, 2007, the Plaintiff filed two cases, *McClam Sixteen* and *McClam Seventeen*. In these similar cases, the Plaintiff alleged that the individual defendant in each case was killing patients at the South Carolina Department of Mental Health facility in which Plaintiff is involuntarily committed. In *McClam Sixteen*, the complaint claims that the defendant "gave permission to her staff" to kill other patients in the facility. Plaintiff also claimed that he overheard the defendant give instructions to put bleach in his food. The complaint also alleged, as it does in *McClam Eighteen*, that the Plaintiff was not allowed to call the Clerk of Court because it "is not a legal phone call." In both *McClam Sixteen* and *McClam Seventeen*, the Plaintiff filed an application to proceed IFP, both of which are pending. On October 4, 2007, Plaintiff was given an opportunity in both cases to provide necessary information and service papers to bring his cases into proper form, and both cases are currently pending.

In *McClam Eighteen*, the complaint repeated the same allegations of "giv[ing] permission to kill" other patients, as well as denial of a phone call to the Clerk of Court, only now directed at the defendant, a physician at the facility. As he did in several prior cases, Plaintiff requested monetary damages, declaratory relief, as well as "for the defendant to get the death penalty." The Plaintiff filed an application to proceed IFP, which, on October 31, 2007, was recommended for

8

denial based on Plaintiff's misuse of the privilege to file without prepayment of the filing fee. Also, Plaintiff was specifically warned in a Report and Recommendation that his continuing to file frivolous cases in this Court may support the imposition of a more restrictive pre-filing injunction against him.

On October 22, 2007, Plaintiff filed three more cases in this Court. *McClam Nineteen*, *McClam Twenty* and *McClam Twenty-One*, like several of Plaintiff's other cases, involved claims of verbal harassment and injuries to other patients and sought relief such as imposition of the death penalty and termination of employment of the defendant which this Court cannot grant. Reports and Recommendations for summary dismissal were prepared in all three cases, and Plaintiff was again specifically warned of the potential for entry of a pre-filing injunction by the Report and Recommendation issued in *McClam Twenty-One* on October 26, 2007.

Plaintiff filed *McClam Twenty-Two* alleging strikingly similar allegations of verbal threats and injuries to other patients that have previously been recommended for summary dismissal. Plaintiff filed an application to proceed IFP, which, on November 21, 2007, was recommended for denial based on Plaintiff's misuse of the privilege to file without prepayment of the filing fee. Also, Plaintiff was specifically warned again in a Report and Recommendation that his continuing to file frivolous cases in this Court may support the imposition of a more restrictive pre-filing injunction against him.

On November 15, 2007, Plaintiff filed *McClam Twenty-Three*, an incomplete, unsigned complaint. By Order dated November 26, 2007, Plaintiff was required to complete and sign the complaint and provide necessary documents to bring that case into proper form for evaluation. *McClam Twenty-Three* currently is pending.

9

Despite receiving previous warnings about the possible future consequences of his continuing to file frivolous cases and despite having denial of IFP status recommended as a result of his abuse of the right to proceed without prepayment of the filing fee, Plaintiff files this complaint alleging verbal harassment. In this case, which now becomes ***McClam Twenty-Four***, Plaintiff is requesting to proceed IFP and he seeks damages, a declaratory judgment, and he asks that defendant's employment be terminated, that defendant be imprisoned and that defendant be banned from working with mentally challenged people.

## DISCUSSION

Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards*, 190 F. 3d 648, 654 (4th Cir. 1999). If the court, in viewing the allegations in the light most favorable to the plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.* A federal court is required to determine if a valid basis for its jurisdiction exists and may dismiss the action *sua sponte* if no jurisdiction is established. The complaint filed in this case fails to establish federal jurisdiction in this case and, therefore, it should be dismissed without the issuance of service of process for the Defendant.

The burden of establishing that a federal court has jurisdiction rests upon the party asserting a case. *See McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). To this end, Federal Rule of Civil Procedure 8(a)(1) requires that the complaint provide "a short plain statement of the grounds upon which the court's jurisdiction depends[.]" If, however, the complaint does not contain "an affirmative pleading of a jurisdictional basis a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, Inc. v. City of Frederick*, 191

F.3d 394, 399 (4th Cir. 1999)(citing 2 *Moore's Federal Practice* § 8.03[3] (3d ed. 1997)). The complaint in this case does not contain a jurisdictional statement or allege facts that could provide this court with jurisdiction. The complaint alleges that the Defendant, presumably an employee at the mental health facility where Plaintiff is confined, harassed Plaintiff by calling him names. Plaintiff has failed to identify a federal right which has been violated.

Additionally, this case should be dismissed as frivolous. Plaintiff previously has been told by this Court that verbal harassment does not support a viable claim of constitutional violation pursuant to 42 U.S.C. § 1983. It is well settled that "the use of vile and abusive language is never a basis for a civil rights action." *Sluys v. Brigetz*, 842 F. Supp. 764, 765 n.1 (S.D.N.Y. 1994) (citing *Batista v. Rodriguez*, 702 F. 2d 393, 395 (2d Cir. 1983)); *see Grandstaff v. City of Borger*, 767 F. 2d 161 (5th Cir. 1985) (there is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish, and hence there is no liability under § 1983 regarding such claims); *Batista v. Rodrigues,* 702 F. 2d at 398. Since abusive language is not actionable under 42 U.S.C. § 1983, the comments at issue in this case, "tree jumper, Baby Rapist and child molester," (Compl. at 3.) are not actionable under 42 U.S.C. § 1983. Plaintiff previously has been informed that he cannot seek termination of Defendant's employment, *see Maxton v. Johnson*, 488 F. Supp. 1030, 1032 n.2 (D.S.C. 1980) (a federal district court lacks inherent power to hire or remove officials not within the executive control of that federal district court)(citing *U.S. v. White County Bridge Comm'n*, 275 F. 2d 529, 535 (7th Cir. 1960)), nor can he obtain an order from this Court directing that the Defendant be imprisoned. *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973); *see Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) (applying *Linda R.S. v. Richard D.* and collecting

11

cases); *Doyle v. Oklahoma Bar Ass'n*, 998 F. 2d 1559, 1566-67 (10th Cir. 1993); *Lane v. Correll*, 434 F. 2d 598, 600 (5th Cir. 1970).

Plaintiff has failed to identify a federal right that has been violated. Plaintiff's failure to make sufficient factual allegations to establish jurisdiction presents a frivolous complaint. The complaint presents no facts or legal contentions that could state a federal claim. A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).

## DENY PROCEEDING *IN FORMA PAUPERIS*

Plaintiff has applied to proceed *in forma pauperis*, but his request should be denied. The denial of *in forma pauperis* status removes the privilege of filing a case without paying the filing fee. The denial also shifts the responsibility for service of process back to the filing party, as the Court will not effect service of process pursuant to 28 U.S.C. § 1915(d).[*]

Grants or denials of applications to proceed *in forma pauperis* are left to the discretion of federal district courts. In *Dillard v. Liberty Loan Corp.*, 626 F.2d 363, 364 (4th Cir. 1980), the Fourth Circuit held:

> A district court has discretion to grant or deny an in forma pauperis petition filed under § 1915. *Graham v. Riddle*, 554 F. 2d 133 (4th Cir. 1977). This discretion, however, is limited to a determination of "the poverty and good faith of the applicant and the meritorious character of the cause in which the relief was asked." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46, (1915).

*See also Liles v. South Carolina Dep't of Corr.*, 414 F. 2d 612, 613 (4th Cir. 1969); *U.S. v. Gregg*, 393 F. 2d 722, 723 (4th Cir. 1968). Under *Graham v. Riddle*, 554 F. 2d 134, (4th Cir. 1977) "included

---

[*]In this frivolous case, a summons will not be issued unless service is ordered by the District Court Judge. At this time, Plaintiff has not provided all of the necessary service documents in this case.

12

within the district court's discretion is the authority to deny cost-free filing when a petition is frivolous."

The complaint in this case is factually and legally deficient, and therefore, is the presentation of a frivolous action. Plaintiff is given notice of this Court's limited jurisdiction and the necessity to present claims capable of being addressed by this federal court. The processing of this frivolous action is a waste of limited judicial resources. Therefore, it is recommended that the Plaintiff's motion to proceed *in forma pauperis* be denied.

## WARNING OF POSSIBLE SANCTIONS

Plaintiff has filed seventeen cases in this Court this year, and a total of twenty-three cases since 2005. Plaintiff has filed many cases in which he voluntarily dismissed the case or the case was recommended for involuntary dismissal based on failure of Plaintiff to prosecute the case. Such activity is a clear waste of judicial resources. This Court has the authority to order a pre-filing injunction or other appropriate sanctions against the Plaintiff. *See Graham v. Riddle*, 554 F. 2d 133, 135 (4th Cir. 1977); *see also Flint v. Haynes*, 651 F. 2d 970, 974 (4th Cir. 1981)("joined other courts in approving pre-filing review of complaints brought by prisoners with a history of litigiousness"); *Safir v. United States Lines, Inc.*, 792 F. 2d 19, 23-25 (2$^{d}$ Cir. 1986) (five factors for court to consider before imposing order of pre-filing review). The sanctions which the Court may consider include, but are not limited to: denial of proceeding without prepayment of the filing fee; the imposition of a filing injunction order placing restrictions on the types of cases Plaintiff may file and the manner in which they must be submitted; monetary sanctions that will have to be satisfied before any further filings may be made; dismissal of any action, entry of an order of contempt of court, and any and all other forms of sanctions available to the Court under Rule 11 of the Federal Rules of

Civil Procedure. Overly litigious individuals place a burden on the judicial system and divert judicial resources form other pending litigation, so a court must "balance between insuring access to the courts and controlling already overburdened dockets." *In Re Burnley*, 988 F. 2d 1, 4 (4th Cir. 1992).     **For the *fourth time*, Plaintiff is warned and placed on notice that if he continues to submit cases that are frivolous and fail to state a claim, or submit cases which he does not intend to pursue and prosecute, sanctions may be imposed which restrict Plaintiff's ability to file future cases in this Court.**

### RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss this complaint *without prejudice* and without issuance and service of process. *See* 28 U.S.C. § 1915(e)(2)(i).

It is further recommended that Plaintiff's Application to Proceed Without Prepayment of Fees (*in forma pauperis*) be denied, and he be required to pay the Three Hundred and Fifty Dollar ($350) filing fee in this case.

Plaintiff's attention is directed to the notice on the following page.

                                                    s/Joseph R. McCrorey
                                                   United States Magistrate Judge

December 6, 2007
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).